**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EDGAR RODRIGUEZ ONTIVEROS,

    Defendant - Appellant.

No. 25-6096
(D.C. No. 5:24-CR-00130-SLP-8)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Edgar Rodriguez Ontiveros pleaded guilty to one count of drug conspiracy in violation of 21 U.S.C. § 846.  The district court sentenced him to 168 months in prison followed by three years of supervised release.  By plea agreement, Mr. Ontiveros waived his right to appeal his conviction or sentence unless his sentence exceeded the applicable advisory Guidelines range, which it did not.  Notwithstanding the appeal waiver, he filed a notice of appeal.

The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  In response,

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Ontiveros's counsel moved to withdraw and filed an *Anders* brief stating his belief that there is no non-frivolous basis for opposing the government's motion. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines case and determines that appeal would be wholly frivolous). We gave Mr. Ontiveros an opportunity to file a pro se response to the motion to enforce. *See id.* He did so on December 1, 2025, with a supplement filed on December 29, 2025.[1]

We have reviewed the plea agreement, change of plea hearing transcript, sentencing hearing transcript, and motion to enforce. *See id.* After doing so, we conclude that the requirements for enforcing the plea waiver at this time have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Ontiveros "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. In his pro se response, Mr. Ontiveros alludes to a potential ineffective assistance of counsel claim, but "a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review," *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

---

[1] The deadline for Mr. Ontiveros's response was November 20, 2025, and we issued an Order and Judgment granting the government's motion and dismissing the appeal on December 2, 2025. On the same day the Order and Judgment was entered, the court received Mr. Ontiveros's response, in which he explained he only learned about the deadline on the day his response was due. To facilitate the court's consideration of the response, we directed the Clerk to withdraw the Order and Judgment docketed on December 2, 2025.

We grant the government's motion to enforce the plea agreement, grant counsel's motion to withdraw, and dismiss the appeal.

Entered for the Court

Per Curiam